## Smith, et al. v. Caudill.

(Decided February 16, 1917.)

### Appeal from Simpson Circuit Court.

Appeal and Error—Finding of Chancellor.—In this case, only questions of fact are involved, and the evidence is so conflicting, that the mind is left in doubt as to the truth of many of the

matters in dispute, and the judgment of the chancellor, who, doubtless, knew the parties and witnesses, will not be disturbed.

JOHN J. MILLIKEN for appellants.

C. B. MOORE and G. W. WHITESIDES for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

On March 27th, 1909, the appellants, A. L. Smith and Lula M. Smith, executed and delivered a promissory note for the sum of five hundred dollars, due one day after date, to the appellee, C. H. Caudill, and to secure its payment, at the same time executed and delivered to appellee a mortgage upon a tract of land.

On the 12th day of October, 1914, the appellee instituted this action, wherein he sought a judgment upon the note, and an enforcement of his mortgage lien and a sale of the land to satisfy the judgment.

Lula M. Smith did not answer, but her co-appellant, A. L. Smith, filed an answer, by which he admitted the execution of the note and mortgage, but, in avoidance, alleged that he and appellee had entered into a partnership to sell groceries and whiskey, upon the following terms: he was to furnish the house in which to do business, and the firm was to pay him rent for the house in the sum of five dollars per month; that they were to share equally in the profits and losses, and pay any fines assessed against the partnership in equal amounts; that the business should be conducted in his name, with appellee as a silent partner; that appellee was to furnish five hundred dollars to start the business, and that was the five hundred dollars for which the note and mortgage were executed; that the five hundred dollars was invested in the business, and he was to pay to appellee two hundred and fifty dollars, when the note was to be satisfied and delivered to him; that he had long since paid the two hundred and fifty dollars, and that in the conduct of the business he was indicted in the courts for violations of the laws against the sale of whiskey, and was obliged to pay out in the settlement of the fines and costs and attorneys' fees the sum of six hundred and forty-one dollars and sixty-five cents, of which amount the appellee had paid two hundred and thirteen dollars, and that he had paid the balance and for same appellee was indebted to him in the sum of one hundred and seven dollars and eighty-two cents; that he had insured the

partnership goods at a cost of fifty dollars and paid same, and that appellee owed to him one-half of that amount; that the partnership owed him for sixteen months' work, at forty dollars per month, amounting to six hundred and forty dollars; that appellee owed the partnership for goods and money received the sum of nine hundred and ninety-seven dollars and thirty-two cents; that he was indebted to the partnership in the sum of five hundred and eighteen dollars and twenty-nine cents for money and goods received, and that, the appellee owed to him, upon a settlement of the partnership accounts, the sum of four hundred and thirty dollars and ninety-five cents, which he plead as a counterclaim, and asked a dismissal of the petition and a judgment over against appellee for the sum of four hundred and thirty dollars and ninety-five cents.

The appellee, by reply, while admitting that he and appellant had engaged in a partnership with each other, denied that it had any connection with the note sued on, or that the money was loaned to be invested in the partnership business, or that it or any part of it had ever been paid, or that he was to receive two hundred and fifty dollars in full payment of the note, or that the partnership contract was to the effect, that appellant was to be paid for his services for the partnership, or that the partnership was to pay any fines assessed against him for violations of the liquor laws, or that he had received in money or goods from the partnership nine hundred and ninety-seven dollars and thirty-two cents or any sum, or that he now owed it that sum or any sum, or had paid the two hundred and thirteen dollars upon the fines assessed against appellant, but the two hundred and thirteen dollars was a loan to appellant, for which he had never paid him anything; and that he was without information as to what amount of money or goods the appellant had received from the partnership and now owed it, or that upon a settlement he was indebted to appellant in the sum of four hundred and thirty dollars and ninety-five cents or any sum.

After the taking of considerable proof, the action was submitted for trial and judgment, when the chancellor rendered a judgment in favor of appellee for the amount of the note sued on and adjudged a foreclosure of the mortgage and a sale of the mortgaged property to satisfy the judgment, and refused appellant any

judgment against appellee upon the counter-claim. The defendants below, not satisfied with this judgment, have appealed.

(1.)  There does not seem to be any good reason for disturbing the judgment for the amount of the note sued on.  The proof shows, without contradiction, that appellee loaned the appellant, at the time of the execution of the note and mortgage, the sum for which the note was executed. The appellant's claim, that it was to be satisfied by the payment of one-half of it, is not supported by the proof.  The appellant gives the only evidence in support of such an agreement, and that is denied by the appellee, and the circumstance that appellant obtained and executed a note for five hundred dollars, and could satisfy it by the payment of one-half of that sum is not a very reasonable contention.  The appellee testifies that about two hundred and twenty-five dollars of it was used by appellant to satisfy a mortgage to another, which was then upon appellant's land, and that, the balance of the five hundred dollars, the appellant did not disclose to him, what he intended doing with it, and he does not know in what way he expended it.  Appellant testifying, says that two hundred and twenty-five dollars of the money borrowed was used to pay off a prior debt, which he owed, and that forty-two dollars and twenty-five cents of it was used in building a store house upon his lands, and that the remaining one-half of the five hundred dollars was invested by him in purchasing goods, which went into the partnership, and which represented the amount, which, under the agreement, he was to invest in the partnership as against an equal sum, which the appellee was to furnish.  It thus appears from his own statement, that he received and got the benefit of the entire five hundred dollars.  The appellee, however, testifies that the loan was made and the note and mortgage executed prior to the time of the making of the partnership contract.  There does not seem to be a connection between the appellants' indebtedness upon the note and the partnership contract.

(2).  The question remains, however, as to whether or not appellant ever paid any sum upon the note, or whether or not upon a settlement of the partnership accounts, there is any balance in his favor, which he would be entitled to have credited upon the judgment upon the note, as a debt by contract, which appellee is

owing to him. While the proof shows that appellant gave three checks to appellee during the existence of their partnership, for the sums of thirty dollars, three hundred dollars, and two hundred and fifty dollars, respectively, it does not appear that appellant ever notified the appellee that either of the checks was intended as a payment upon the note, or that he ever requested a credit upon the note for any sum, although he now claims that the note was satisfied during the year 1910, he permitted appellee to retain the note, without question, for four years thereafter, without ever demanding the cancellation of it or the delivery of it to him as having been paid. The appellee denies that appellant ever, at any time, paid him anything upon the note, and claims that he is indebted to him a considerable sum in addition to the note. The appellee claims that the thirty dollar check was given to him in payment of a like amount, which appellant borrowed from him at Nashville, and appellant's reason for giving the check is that he had the money on hand, and just thought that he would send it to appellee. The appellee states that the partnership agreement was that he was to furnish money to start the business to going, and that it was to be paid back to him, and then he was to receive one-half of the profits, if any, and that the two hundred and twenty-five dollar check was given to him in payment of a like sum, which he had furnished to pay for licenses to sell liquors, and appellant does not dispute that, as being the reason for the giving of the check. The appellee claims that he furnished between five hundred dollars and six hundred dollars, which was invested in the partnership business, and that after the partnership ceased, he requested appellant for a settlement of their accounts, when appellant gave him the check for three hundred dollars, as a part of the profits to which he was entitled, and said that they had a pair of mules and a lot of stuff, which he would dispose of and send him his part of the proceeds. The appellee testifies that nothing had ever been paid upon the note, and the appellant fails to testify directly, that any sum, which was ever received from him by appellee, was intended as a payment upon the note. There was no credit upon the note, and appellant does not state that he ever requested any credit upon it or notified appellee that he expected any.

(3.) As to whether or not there is any balance due the appellant, upon a settlement of the partnership accounts, involves a finding of what the terms of the partnership contract were, the amounts put into the business by each of the partners, the amounts drawn out or received by each of them, and what the profits, as well as the losses, if any, of the business were. It is impossible to determine what the partnership contract was, from the evidence, because there is no proof in regard to it, except the testimony of appellant and appellee, and they differ as widely as they could very well do. They both testify that the contract was reduced to writing and left in the hands of the draughtsman of it, and each of them says that he had heard that the draughtsman had lost it, though neither of them seems to have taken the trouble to investigate the fact of whether it was in existence or had been lost, and the custodian of it is not called to testify. The appellant does not attempt to show or to testify as to what amounts he invested in the business, except two or three small sums, neither does he attempt to show whether the partnership business was conducted at a profit or loss, or what was the amount of either. He does not attempt to show what assets the partnership had, at any time. He does not attempt a showing of what goods were purchased or received or disposed of by the partnership. He was the bookkeeper for the partnership and in the control, custody, and management of its assets and business. He says that the books of the partnership have been destroyed by fire, but when or how he does not disclose. It appears that he was without money when the partnership was entered into, and yet during its continuance he was able to pay out considerable sums upon fines, and to appellee, and for other purposes. The goods, which he claims that appellee received of the assets of the partnership, is denied by appellee, except a small sum for the value of a few empty barrels. The proof upon this item is so conflicting, that the mind is left in doubt as to what the truth of it is. That appellant paid insurance in the sum of fifty dollars, and all that was assessed against him for fines, except two hundred and thirteen dollars, there is no doubt, but from the record, it is more reasonable to conclude that he made the payments out of the partnership assets, than with means of his own. The part-

ies even differ widely as to when the partnership began or terminated, and neither is supported by any other evidence upon that subject. It is testified to by appellee and he is corroborated by other proof to some extent, that he endeavored soon after the termination of the partnership, to get appellant to make a settlement, but was unsuccessful in his efforts. Without a basis to build upon, it is impossible to make a settlement of the partnership accounts, which could be deemed to be approximately correct, so as to determine in favor of which there is a balance. The appellant, who kept the books and had the custody and management of the business, and the funds of the partnership in his own name, and the power to dispose of them in his own name, failing to present any basis upon which a settlement could be made, the chancellor did not err in refusing to adjudge a recovery in favor of the appellant upon the record before him.

The judgment is, therefore, affirmed.